UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VARNADOR SUTTON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:11-cv-806-LJM-DML |
| ) | No. 1:07-cr-86-LJM-KPF-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

**I.**

Vernador Sutton was convicted in 2008 of one count of health care fraud, a violation of 18 U.S.C. § 1347. His conviction was affirmed on appeal in *United States v. Sutton*, 582 F.3d 781 (7th Cir. 2009). His sentence was affirmed on appeal in *United States v. Sutton*, No. 09-4140 (7th Cir. July 13, 2011). Sutton's sentence included a restitution obligation in the amount of $3,288,347.94. In reaching this restitution figure, this Court accepted the United States' loss computation of nine million dollars. The Seventh Circuit Court of Appeals examined the basis for this computation and stated that "[t]he district court's conclusion that Sutton bore responsibility for the entire 9 million is not clearly erroneous." *Sutton*, 582 F.3d at 784.

Sutton's present action for relief pursuant to 28 U.S.C. § 2255 rests on his contention that his attorney was constitutionally ineffective. In particular, Sutton argues that the restitution determination is "unreliable, unreasonable, and unfair."

"Under *Strickland v. Washington*'s familiar, two-pronged test for ineffective assistance of counsel, [Sutton] must demonstrate that (1) his counsel's performance was deficient; and, (2) that deficiency resulted in prejudice." *United States v. Berg*, 714 F.3d 490, 496–97 (7th Cir. 2013). If the Court finds *either* the performance *or* the prejudice component of the ineffective

assistance claim deficient under the *Strickland* test, then there is no need to consider the sufficiency of the other component. *See United States v. Slaughter,* 900 F.2d 1119, 1124 (7th Cir. 1990). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

It is the second prong of the *Strickland* test which is pertinent here. To satisfy this element, Sutton must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different, such that the proceedings were fundamentally unfair or unreliable. *United States v. Jones,* 635 F.3d 909, 915 (7th Cir. 2011) (citations omitted). A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome. *Adams v. Bertrand,* 453 F.3d 428, 435 (7th Cir. 2006)(citing *Strickland,* 466 U.S. at 694)).

Sutton's ineffective assistance of counsel arguments is a recycling of asserted errors which have been considered and rejected. For example, the Seventh Circuit Court of Appeals found that Sutton's business had generated no legitimate Medicaid bills and that the government loss computation was not outside the realm of permissible computations. *Sutton*, 582 F.3d at 784. Nothing in either the record or Sutton's arguments supports a reasonable probability that but for counsel's asserted errors Sutton's guilt or his sentence would be determined differently. Nothing in those materials undermines the Court's confidence in the jury's verdict or the sentence, including the order of restitution.

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky,* 130 S. Ct. 1473, 1485 (2010). Sutton has not met his burden of meeting that requirement here. This representation was constitutionally sufficient. The records and file in this action show that Sutton is not entitled to the relief he seeks. Accordingly, his motion for relief pursuant to § 2255 is **denied**, and this action must be dismissed with prejudice.

Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Sutton has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 05/21/2014

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Varnador Sutton
No. 59257019
Atlanta US Penitentiary
Inmate Mail/Parcels
P.O. Box 150160
Atlanta, GA 30315